UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SA BAY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-10-66 |
| | § | |
| BUFORD HALL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants Buford Hall ("Hall") and Cynthia Alford's ("Alford") (collectively "Defendants") Motion to Abstain (Dkt. No. 7), to which Plaintiff SA Bay ("Plaintiff") has responded (Dkt. No. 9). Having considered the motion, response, record, and applicable law, the Court is of the opinion that Defendants' motion should be **DENIED**.

### I.   Factual and Procedural Background[1]

Plaintiff owns and operates a restaurant in Seadrift, Texas that specializes in seafood. Defendant Hall was formerly employed as Plaintiff's restaurant manager, and Defendant Alford was formerly employed as Plaintiff's bookkeeper. Plaintiff's restaurant was originally named *"The" Boiling Spot* when it opened in 2009, but pursuant to Defendant Hall's request while Hall still worked for Plaintiff, Plaintiff eventually began using *Bubba's "The" Boiling Spot* to denote the restaurant. (The quotation marks around the definite article *The* are part of the name.) Defendants later opened their own restaurant under the name *Bubba's "The" Boiling Spot* ("Hall's restaurant") after Plaintiff would not sell its restaurant to Hall. Defendants were able to obtain financing for Hall's restaurant by using financial data about *Bubba's "The" Boiling Spot* that Alford had obtained while working as Plaintiff's bookkeeper.

---

1. For purposes of this Order only, the Court has adopted the facts as set forth in Plaintiff's Verified Complaint (Dkt. No. 1).

On June 10, 2010, Hall was fired after Defendants' plan to open the competing restaurant was discovered and Hall was caught removing boxes of Plaintiff's property from *Bubba's "The" Boiling Spot*. Instead of immediately leaving the premises after he was fired, Hall first instructed Plaintiff's employees and customers to leave with him—and many did. The next day, on June 11, 2011, Plaintiff filed suit against Defendants in Texas state court. *See SA Bay LLC vs. Buford Hall and Cynthia Alford*, No. 10-6-1033 (135th Dist. Ct. Calhoun County, Tex.). Plaintiff's primary goal was to persuade the state court to enforce a non-compete clause against Defendant Hall. Plaintiff also sought damages for breach of fiduciary duty.

On June 12 and June 16, 2010, Hall ran two newspaper advertisements announcing that *Bubba's "The" Boiling Spot* was closing as of June 11, 2010 and would reopen at a new location on July 15, 2010. Hall also spread false rumors that Plaintiff was dishonest in its dealings with Defendants and cheated them out of property. Defendants then opened their own seafood restaurant under the name *Bubba's "The" Boiling Spot* on July 15, 2010. As a result, Plaintiff removed "Bubba" from its name and went back to its original name, *"The" Boiling Spot*. Plaintiff was also forced to place its own newspaper advertisements in order to correct the misperception that its restaurant had relocated, but Plaintiff's gross receipts suffered nonetheless.

On July 21, 2010, Defendants filed their Original Answer and Counter-Claims against Plaintiff in the state action. Defendants asserted counter-claims alleging that Plaintiff intentionally failed to pay Hall's wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201—19. On August 24, 2010, Defendants received a Notice of Non-Suit from Plaintiff. At the same time, Plaintiff forwarded a copy of the Complaint in this case, which was initiated on August 23, 2010.

In the above-captioned federal suit, Plaintiff alleges causes of action against Defendants for common law infringement, unfair competition, violation of the Lanham Act, defamation

(slander and/or libel), conversion, and breach of fiduciary duty. (Dkt. No. 1.)[2] Defendants now move the Court to abstain from exercising its jurisdiction over this action because Plaintiff's Non-Suit in the state action did not resolve Defendants' counter-claims against Plaintiff, and those counter-claims remain pending and active in the state action. Based on the Supreme Court's *Colorado River* doctrine, Defendants argue that the circumstances in this case warrant abstention. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

## II.     Legal Standard

The Fifth Circuit has noted that the pendency of an action in state court does not bar proceedings concerning the same matter in the federal court with jurisdiction over the case, due to the "'virtual unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (quoting *Colorado River*, 424 U.S. at 817). However, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding based on "'extraordinary and narrow' circumstances" that give rise to considerations of "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 737—38 (quoting *Colorado River*, 424 U.S. at 813) (internal quotes omitted).

The Supreme Court has declined to give a bright-line rule for abstention, instead setting forth six factors that a district court may consider when determining whether sufficiently exceptional circumstances exist that would permit the court to decline exercising its jurisdiction: "(1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was

---

2. Plaintiff also sought a temporary restraining order (TRO) restraining Defendants from using or disclosing any of Plaintiff's financial data, instructing Defendants to return to Plaintiff all documents in their possession containing any of Plaintiff's financial data, and instructing Defendants to cease using, for Hall's restaurant, a name that contains the term *Boiling Spot*. On August 25, 2010, the Court scheduled a hearing on Plaintiff's TRO application, at which time the Parties announced that they had reached an agreement with respect to the TRO only. On August 31, 2010, the Court entered an agreed order on Plaintiff's TRO application. (Dkt. No. 6.)

obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Murphy*, 168 F.3d at 738 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285—86 (1995)).  As the Fifth Circuit noted, "[t]he decision whether to surrender jurisdiction because of parallel state court litigation does not rest on a 'mechanical checklist' of these factors, but on a 'careful balancing' of them, 'as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

The *Colorado River* abstention doctrine only applies when there are parallel proceedings pending in federal and state court. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002), *overruled on other grounds by Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 788 n.9 (5th Cir. 2009) (en banc); *see also RepublicBank Dallas, Nat'l Assoc. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). "Suits are 'parallel,' for the purposes of determining whether *Colorado River* abstention applies, if they 'involv[e] the same parties and the same issues.'" *Diamond Offshore*, 302 F.3d at 540 (quoting *McIntosh,* 828 F.2d at 1121).

Both the threshold issue—whether the cases are parallel—and the six-factor test for exceptional circumstances are analyzed below.

### III. Analysis

#### A. Are the state and federal lawsuits parallel?

In determining whether the state suit and this federal suit are parallel, "[t]he central inquiry is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Rimkus Consulting Group, Inc. v. Cammarata*, 2007 WL 4223434, *9 (S.D. Tex. Nov. 29, 2007) (citing *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005); *Rowley v. Wilson*, No. 05-30189, 2006 WL 2233221, at *1 (5th Cir. Aug. 4,

2006) (unpublished) (holding that suits were not parallel for *Colorado River* abstention purposes because some defendants in the federal case were not present in the state suit, and plaintiff asserted some claims against defendants in the federal case that were not asserted in the state suit)). "[A]ny doubt regarding the parallel nature of the [state-court] suit should be resolved in favor of exercising jurisdiction." *TruServ Corp.*, 419 F.3d at 592.

Plaintiff contends that although both the federal and state cases involve the same parties, "they were never parallel as to the issues, *even before SA Bay dismissed all of its state court claims.*" (Dkt. No. 9 at 3 (emphasis in original).) The major difference between the two suits, Plaintiff argues, arises from the fact that Plaintiff filed its state court suit before Defendants: (1) went public with their plans for a competing restaurant; (2) defamed Plaintiff by placing newspaper advertisements announcing that its restaurant was closing; or (3) opened their own restaurant named *Bubba's "The" Boiling Spot*. Plaintiff's later-filed federal court suit, on the other hand, "takes account of the defendants' significant misconduct after they went public: in particular, their libelous infringement of the tradename of SA Bay's restaurant . . . ." (*Id.*) Plaintiff acknowledges that in lieu of non-suiting its claims against Defendant in state court, it could have amended the state case to add the facts and claims for common law infringement, unfair competition, violation of the Lanham Act, defamation, and conversion. However, "courts appear to agree that '[w]hile it may be true . . . that [a state court proceeding] could be modified so as to make it identical to the current federal claim, . . . [t]he issue is whether [the state-court proceeding], *as it currently exists*, is a parallel, state-court proceeding.'" *Boccard USA Corp. v. TigPro, Inc.*, 2007 WL 1894154, at *6 (S.D. Tex. Jul. 7, 2007)) (brackets, ellipses, and emphasis in original).

The central question is whether the issues in this federal suit would be resolved by a decision in the state suit. As the litigation currently stands, the state case involves Hall's claims

against Plaintiff under the FLSA for unpaid wages and overtime compensation. This federal case involves Plaintiff's claims against both Hall and Alford for common law infringement, unfair competition, violation of the Lanham Act, defamation (slander and/or libel), conversion, and breach of fiduciary duty. Defendants have not asserted any counterclaims against Plaintiff in the federal suit, and while Plaintiff and Hall are parties to both suits, Alford is only a party to the federal suit. Because there are no overlapping causes of action, a decision in this case would do nothing to resolve any issue in the state suit, or *vice versa*.

Accordingly, the Court finds that the state and federal proceedings are not parallel. Although the proceedings are not parallel, out of an abundance of caution, the Court will determine whether exceptional circumstances set forth in *Colorado River* and *Moses H. Cone* require abstention.

**B. Do exceptional circumstances require abstention?**

**1. Assumption by either court of jurisdiction over a res**

Under the first factor, abstention by a federal court may be appropriate if a state court first exercises jurisdiction over real property. *Colorado River*, 424 U.S. at 818. Because neither the state nor federal court has assumed jurisdiction over any *res* in this case, the first factor weighs against abstention. *See Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006) (rejecting the assertion that the absence of a *res* is a "neutral item, of no weight in the scales," and finding instead that the absence of a *res* supports the exercise of federal jurisdiction).

**2. Relative inconvenience of the forums**

The second factor examines whether there is "any contention that the federal forum [is] any less convenient to the parties than the state forum." *Moses H. Cone*, 460 U.S. at 19. This factor "should be analyzed as to 'whether the inconvenience of the federal forum is so great' that

abstention is warranted." *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (quoting *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1192 (5th Cir. 1988)).

Defendants argue that the convenience issue is moot because of the close proximity of the location of this Court and the Calhoun County District Court. However, the Fifth Circuit has held that when courts are in the same geographic location, the inconvenience factor supports exercising federal jurisdiction. *Stewart*, 438 F.3d at 491. This factor weighs against abstention.

### 3. Avoidance of piecemeal litigation

The third factor considers whether there is any danger of piecemeal litigation. Defendants argue that this factor weighs in their favor because there will be two pending cases if the Court does not abstain. However, "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston Ins. Co.*, 844 F.2d at 1192. As the Fifth Circuit has recognized, "*Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650—51 (5th Cir. 2000) (emphasis in original).

Because neither the state court nor this Court has assumed jurisdiction over a disputed *res*, there is no such danger. Moreover, as the Court explained *supra*, although the state and federal suits are between the same parties, they involve completely separate causes of action. This factor therefore weighs against abstention.

### 4. Order in which jurisdiction was obtained by the concurrent forums

The fourth factor examines which case has priority based on the order in which jurisdiction was obtained. Defendants claim that this factor favors abstention because Plaintiff

7

filed the state action before filing suit in this Court. However, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. The Fifth Circuit has "suggested that this factor only favors abstention when the federal case has not proceeded past the filing of the complaint." *Stewart*, 438 F.3d at 492—93.

As noted *supra*, the Court has already held a hearing and entered an agreed order on Plaintiff's TRO application. Because the case has progressed beyond the filing of the complaint, this factor weighs against abstention.

### 5. Whether and to what extent federal law provides the rules of decision on the merits

The fifth factor asks whether and to what extent federal law provides the rule of decision on the merits. Defendants argue that this factor weighs in favor of abstention because the majority of Plaintiff's claims arise under state law, not federal law. However, "[t]he presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender only in rare circumstances." *Evanston Ins. Co.*, 844 F.2d at 1193 (quoting *Moses H. Cone*, 460 U.S. at 26). Moreover, when the state law to be applied appear to be settled, the factor is less likely to favor abstention. *Colorado River*, 424 U.S. at 815.

Because Plaintiff has asserted federal claims against Defendant, and the law to be applied to Plaintiff's remaining state law claims appears to be settled, this factor weighs against abstention.

### 6. Adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

The sixth factor asks whether the state suit will adequately protect the rights of Plaintiff. This factor "can only be a neutral factor or one that weighs against, not for, abstention. A party

who could find adequate protection in state court is not thereby deprived of its right to the federal forum, and may still pursue the action there since there is no ban on parallel proceedings." *Evanston Ins. Co.*, 844 F.2d at 1193.

Defendants argue that the state court has complete power to protect the rights of Plaintiff, should Plaintiff prevail, and Plaintiff has presented no evidence to the contrary. "Under *Black Sea*, therefore, this is a neutral factor." *Stewart*, 438 F.3d at 491.

In sum, the Court finds that under the factors set forth in *Colorado River* and *Moses H. Cone*, as interpreted by the Fifth Circuit in *Murphy*, the circumstances in this case do not warrant abstention.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion to Abstain (Dkt. No. 7) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 7th day of December, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE